```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       JACKSON DIVISION
```

**RUSSELL E. SMITH**                                            **PLAINTIFF**

VS.                                    CIVIL ACTION NO. 3:06CV246-WHB-JCS

**WESLEY MALONE AND**
**TOWER LOAN OF MISSISSIPPI**                                  **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on Plaintiff Russell Smith's Motion to Remand.  Having considered the Motion, Response, Rebuttal and all attachments to each, as well as supporting and opposing authority, the Court finds that the Motion is well taken and should be granted.

This cause of action arises out of alleged fraud.  Defendant Wesley Malone, an employee of Defendant Tower Loan of Mississippi, Inc., allegedly forged Plaintiff's name on documents relating to five different loans.  On this foundation of facts, Plaintiff filed the subject suit on March 27, 2006, in the Circuit Court of Copiah County, Mississippi.  Plaintiff alleges fraud in count one of the Complaint, and seeks punitive damages under count two.  No federal cause of action is stated on the face of the Complaint.

Defendants removed the case to this Court on May 5, 2006.  The basis for the removal was federal question jurisdiction, 28 U.S.C. § 1331.  Even though no federal claim was stated in the Complaint,

Defendants contend that the claims implicate the provisions of the Fair Credit Reporting Act, 18 U.S.C. § 1681 et seq. (hereinafter "FCRA").  Plaintiff filed the subject Motion to Remand on May 31, 2006.  That Motion is now ripe for consideration.

Plaintiff claims that on the face of his Complaint, no federal law claim is stated, thus the case must be remanded to state court. On the other hand, Defendants make federal preemption arguments and other arguments to the effect that federal law is necessarily implicated by Plaintiff's claims.  The Court agrees with Plaintiffs.  There is no need to analyze preemption, because even if the FCRA does preempt state law claims, Plaintiff's fraud claims simply do not fall under the purview of the provisions of the FCRA. Accordingly, the Court finds that no federal question jurisdiction exists, and that Plaintiff's Motion to Remand must be granted.

Based on the holdings presented above:

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand (docket entry no. 6) is hereby granted, with all parties to bear their own costs associated with the removal and remand of this case.  The Clerk of the Court is ordered to remand this case to the Circuit Court of Copiah County, Mississippi.

SO ORDERED this the 14th day of August, 2006.


                                    s/ William H. Barbour, Jr.
                                    UNITED STATES DISTRICT JUDGE

tct